[Civ. No. 6681. Third Dist. Jan. 22, 1942.]

ARTHUR BRACEY et al., Respondents, v. JOHN GRAY et al., Appellants.

John Gray and Dora Stuart Gray, *in pro. per.*, for Appellants.

Coyle E. Bybee for Respondents.

TUTTLE, J.—Plaintiffs brought this action to recover possession of certain real property, and damages arising out of its detention. Upon the stipulation of defendant John Gray and plaintiffs, the action was dismissed as to him. The cause was afterward tried, and on January 17, 1939, judgment was entered in favor of plaintiffs and against defendants. On March 9, a new trial was granted as to defendant Dora Stuart Gray. Thereafter, and on May 1, 1939, judgment was entered in said action against defendant Dora Stuart Gray for restitution of the premises. Defendants appeal from said judgments, and from an order of the court denying their motion to vacate the judgment last rendered. They also appeal from an order granting their motion for new trial which was entered January 17, 1939. The case is before us upon a bill of exceptions.

The premises in question were owned on November 1, 1928, by one Alice Anderson who, on said date, executed a deed of trust covering the same, to Title Insurance and Trust Company, as trustee, for the benefit of State Mutual Building and Loan Association, to secure the payment of $2,250. Thereafter, said Alice Anderson conveyed the property to Dora Stuart, a single woman, and who subsequently married defendant John Gray, and who is now Dora Stuart Gray, another defendant herein. Upon default in the payment of

said indebtedness, the said trustee sold said property under said deed of trust. At such sale, said association became the purchaser thereof. On July 5, 1935, said association, for the sum of $1,500, executed a quitclaim deed to said property, to plaintiffs.

The chief contention made by appellants is that the evidence is insufficient to establish any title or right to possession in plaintiffs, for the reason that it shows the transfer to plaintiffs to have been a mortgage. While there is a conflict in the evidence upon the question, we are satisfied that there is ample testimony to support the finding that plaintiffs were the owners and entitled to the possession of the property. Arthur Bracey testified in part as follows:

"My wife's niece came—Dora Stuart Gray—she came and said they had lost it—the property described in the deed. That was in June, 1935. We talked to her and kinder found out that there was something in it. We wanted to find out for sure there was something in it. Whether the property was down there or not. Sometimes talk but there is nothing to it. So we went to the Grass Lake Bank and found out we could get the money to buy it and we got in touch with a man named Parker through Mr. Mellencamp and he got in touch with Los Angeles, the Building and Loan Association, and we got the deal through. Mr. Parker was president of the bank in Chico. Mr. Mellencamp handled the transaction for us. We borrowed the money from the bank at Grass Lake and gave a mortgage on our farm in Waterloo Township. I kind of half-way think this quitclaim deed was sent to us directly from the State Mutual Building and Loan Association. It either came that way or through Mr. Mellencamp. We received it about July 15th, 1935. We took care of the recording of it in Butte County. We sent it and paid the fee. The deed came to the bank and was delivered to me. Question: Did you purchase this property outright for yourself and Mrs. Bracey? Answer: Well, we bought it. Question: You bought it for yourself? Answer: Yes. Question: Did you purchase this property outright for yourself? Answer: We intended to sell it. Question: You later intended to sell the property? Is that what you mean? Answer: Yes sir. Question: When you bought this property did you buy it for anyone else? Answer: No, no. Question: Was this property then for yourself and wife? Answer: Yes sir. Question: Has anyone else got any interest in this property?

Answer: No, not the slightest. Question: State whether or not you bought the property as an investment? Answer: No, we didn't do that. We bought it. If them people wanted to buy it back, or someone else, why we would sell it. Question: Who do you mean? Answer: Why, the Grays. Question: Did you buy this property for the Grays? Answer: Oh, no, no. We never had any agreement verbal or otherwise between us relative to borrowing the $1,500. It was not borrowed for them. There was no conversation between us and Dora Stuart Gray and John Gray that we would purchase the property for them. They nor either of the Grays are indebted to us in any sum. The quitclaim deed was not taken as security for any debt of the Grays. They did not owe us any money. I did not know the Grays existed before this property deal came up. There has never been any agreement between the Grays and us that they should assume our obligations to the Farmers' State Bank at Grass Lake. We do not hold this quitclaim deed from the State Mutual Building and Loan Association in trust for the Grays. There was no agreement between the Grays and us that they should pay our obligation to the Farmers' State Bank.''

His wife corroborated his version of the transaction.

The action was dismissed as to defendant John Gray on December 21, 1938, and in consideration thereof said defendant executed and delivered to respondents a quitclaim deed to the property involved. This should have, and did end the litigation, so far as that defendant was concerned. The case was tried on December 28th, and judgment was entered against appellants on January 17, 1939. Thereafter, appellant, Dora Stuart Gray moved for a new trial, and the motion was granted. The case was again tried on March 9, 1939. The latter appeared with counsel. John Gray was not a party, and did not participate in said trial. Judgment was entered as set forth in the first paragraph hereof.

The position of appellants seems to be that the court had no jurisdiction to enter the judgment of May 1st. It is contended that, as there was a homestead declared upon the property, the husband was a necessary party, and that judgment should have also been ordered against him. The deed of trust was a valid lien upon the property when appellant Dora Stuart Gray acquired the property as a single woman. The homestead declaration was filed after she was married. A properly executed deed of trust is effective to convey the

legal title to the trustee, so far as it is necessary to convey it to the purchaser at the trustee's sale, free of all right or estate of the trustor, or anyone claiming under or through her. The conveyance of the trustee relates back to the estate of the trustor at the time she executed the trust deed, and transfers to the purchaser the entire estate then vested in the trustor, thereby completely extinguishing the homestead which was filed subsequent to the deed of trust. That is the precise situation here. (13 Cal. Jur. sec. 83, page 512.) Not only is any assertion of appellants' homestead right precluded by law, but appellant John Gray has no rights which he could assert, for the reason that he had, previous to trial, conveyed his interest in the property to respondents. The contention is without merit.

Numerous other points are urged as grounds for reversal, but we do not deem them worthy of extended comment. Respondents established the fact that they were the legal owners of the property, and entitled to the possession thereof.

The appeal is devoid of any substantial merit, and, accordingly, the orders and judgments are affirmed.

Thompson, Acting P. J., concurred.