"to the frequency of occurrences of this type with defendants' wines both before and after this trouble."

On the defendants' side the two wine distributors who were present at the alleged settlement with Martini and the former bookkeeper would only give evidence of the settlement corroborative of the testimony on that subject of defendant Irving Zachary; and the four wine merchants would give testimony largely corroborative of that of defendants and their employees. The only one of these witnesses for defendants whose testimony might not be considered mainly cumulative is the Los Angeles Health Department investigator.

In view of the character and importance of the evidence to be given by the witnesses on either side whose convenience is properly to be considered we cannot say that the trial court abused its sound discretion in denying the motion.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

[Civ. Nos. 6869, 6950, 6980. Third Dist. Sept. 24, 1943.]

JOHN GRAY, Appellant, v. COYLE E. BYBEE et al., Respondents.

John Gray in pro. per. for Appellant.

Coyle E. Bybee in pro. per. for Respondents.

THOMPSON, J.—The plaintiff, appearing in proper person, has presented three separate appeals growing out of the same equitable action to enjoin the defendants from levying an execution issued in a previous suit for possession of real property. The former suit, in which the execution in question was issued, is entitled *Bracey* v. *Gray*. It involved the right of Arthur Bracey and wife to secure possession of the

real property which they purchased after foreclosure of a trust deed executed by a former owner. After the execution of that trust deed, the property was conveyed by the owner, Alice Anderson, to Dora Stuart, then unmarried. She subsequently married the appellant, John Gray, after which she filed a homestead. The former action determined that the homestead was subject to the trust deed and that the grantee of the purchaser of the property at the foreclosure sale was entitled to possession. That judgment was affirmed on appeal. *(Bracey v. Gray,* 49 Cal.App.2d 274 [121 P.2d 770].) That judgment was pleaded in the answer and cross-complaint in this case as res judicata.

These appeals will be designated by their respective numbers, 6869, 6950 and 6980. The first one is from an order made on April 3, 1942, staying execution and failing to grant a temporary injunction pending the trial. The second appeal is from the judgment rendered against plaintiff on June 17, 1942, on account of his refusal to prosecute the trial at the time it was regularly set. The third one is from an order made January 14, 1943, after judgment, denying plaintiff's motion to recall and quash the execution and to restore him to possession of the real property, under his alleged homestead rights.

Each appeal is presented to this court on a transcript of documents and proceedings included in the judgment roll, which is stipulated to be correct so far as the documents and proceedings appear in the record on appeal. The evidence which was adduced at the hearings and on the trial is not before us. No bill of exceptions was settled or presented.

Stripped of its confusing intricacies, this suit for injunctive relief was brought by John Gray against Arthur Bracey and wife, the purchasers of certain real property, and against others, following the foreclosure sale thereof under a trust deed, after a previous judgment for possession had been rendered and affirmed on appeal in favor of Mr. Bracey and his wife. The appellant, John Gray, claims the right of possession under a declaration of homestead filed by his wife Dora, after the execution of the deed of trust by Alice Anderson, the former owner of the land, and after Dora's marriage to John Gray. The theory of the court, upon which the former judgment was rendered, was that the homestead was filed *subject to the existing deed of trust,* and that the subsequent foreclosure of that mortgage for default of payments pursuant to its terms terminated the homestead.

From the records, pleadings and opinion filed in the former action of *Bracey* v. *Gray, supra,* we glean the following facts:

On and prior to April 21, 1928, Alice Anderson owned the land in question. On the last mentioned date she executed a deed of trust to the Title Insurance and Trust Company, as trustee, to secure a debt of $2,250 which she owed to State Mutual Building and Loan Association. That debt was not paid. Subsequently Alice Anderson conveyed the land subject to the trust deed to Dora Stuart, who was then unmarried. We are not informed concerning the consideration for that grant. Thereafter, on September 14, 1930, Dora Stuart married John Gray. She filed a declaration of homestead in December of that year. For breach of the terms of that instrument, the trust deed was duly foreclosed in 1934. The association became the purchaser at that sale. In consideration of the payment of $1,500, the association conveyed the property on July 5, 1935, to Arthur Bracey and wife. John Gray and his wife Dora were then in possession of the property. July 25, 1936, Arthur Bracey and wife commenced an action against John Gray and wife to recover possession of the property. On December 21, 1938, upon execution and delivery of a quitclaim deed from John Gray to Arthur Bracey, the last mentioned suit was dismissed as to John Gray. That action was tried and judgment was finally rendered against Dora Stuart Gray, May 1, 1939, granting Arthur Bracey and wife the right of possession. A motion for new trial was denied. John Gray did not participate as a party in that trial. On appeal to this court, that judgment was affirmed. It has become final. Pursuant to that judgment execution was issued and placed in the hands of the officer, George Allen, to levy and thereby to restore Arthur Bracey and wife to the lawful possession of the property. John Gray and wife subsequently filed in this court two separate proceedings, one of which was a petition for certiorari and the other a petition for a writ of supersedeas, to review the proceedings in the former case and to recall and quash the execution therein. Both petitions were denied. These special proceedings were also set up as res judicata in the answer and cross-complaint in this case.

■ The present equitable action for injunctive relief was then commenced March 30, 1942, to restrain the levying of the execution. It constitutes a collateral attack on the former judgment. The complaint in this suit asks for an order to show cause why a temporary injunction should not be granted

pending the litigation. That order to show cause was returnable April 3, 1942. After hearing on the last mentioned date, the desired temporary injunction was not granted, but the court did order a stay of execution for the period of thirty days. No motion to extend that stay was presented. The evidence adduced at that hearing is not before us. The record fails to show whether the complaint was verified. From that order granting the temporary stay of execution John Gray gave notice of appeal on the theory that it amounted to a denial of his prayer for a temporary injunction. The foregoing facts are embraced in the first mentioned appeal number 6869.

We are of the opinion the granting of the temporary stay of execution, in appellant's favor, is not reversible error even if it be deemed to constitute a denial of the application for a preliminary injunction. While that thirty day stay was in force the appeal from that order was taken. The order had the effect of a temporary injunction. It does not appear that, upon proper application therefor, it might not have been extended during the trial. No such application was made.

The granting or denial of a preliminary restraining order is usually within the sound discretion of the court. The order to show cause was presented on plaintiff's complaint before the answer was filed. It does not appear that the complaint was even verified. If affidavits on that order to show cause were filed, they do not appear in the transcript. We assume they were not filed. If evidence was taken on that hearing, it is not before us. Aside from the allegations of the complaint, we are not advised as to what showing was made on that hearing. Before the temporary stay of execution expired the answer and cross-complaint were filed showing adequate grounds for denying a preliminary injunction. The rule is well established by a multitude of authorities that the granting or denial of a preliminary or temporary injunction rests in the sound discretion of the trial judge and that his order in that regard will not be disturbed on appeal except upon a showing of clear abuse of discretion. (*Asiatic Club* v. *Biggy,* 160 Cal. 713 [117 P. 912]; 14 Cal. Jur. 180, sec. 7.)

In the present case no such abuse of discretion appears. The order granting a temporary stay of execution (appeal number 6869) is therefore affirmed.

The court did not err in rendering judgment against

the plaintiff for failure and refusal to prosecute his case at the time it was regularly set for trial. It is the duty of a plaintiff to expedite the trial of his case and diligently to prosecute it to a final determination. The court had a sound discretion to determine the good or bad faith of the plaintiff in seeking to continue the trial while he prosecuted his appeal from the order granting a stay of execution, and to dismiss the case or to render judgment against him on the merits for failure and refusal to proceed with the trial at the time it was regularly set. (*Jackson* v. *De Benedetti*, 39 Cal.App.2d 574 [103 P.2d 990]; 9 Cal.Jur. 526, sec. 18.) In the present suit the trial was regularly set upon notice and with the knowledge of plaintiff for April 29, 1942, and continued from time to time, with either plaintiff's consent or with his knowledge, and finally set for trial for the 20th day of May of that year. The plaintiff appeared in court in proper person on the last mentioned date, together with the defendants and their attorney. The defendants insisted on trial at that time. The plaintiff moved for a continuance on the ground that his appeal from the order granting a temporary stay of execution had ousted the court of jurisdiction to proceed to try the case on its merits until the appeal was first disposed of. The court denied plaintiff's motion for a continuance, and directed him to proceed with the trial, which he refused to do. The defendants then moved for a default judgment against the plaintiff for refusal to proceed with the trial or to prosecute his cause with diligence. The plaintiff also moved for judgment on the pleadings. Evidence was adduced in behalf of the defendants. The respective motions were argued and submitted for decision. On June 17, 1943, the court denied plaintiff's motion for a continuance of the case and for judgment and granted defendants' motion for judgment against the plaintiff on account of his refusal to proceed with the trial or to prosecute it with due diligence. Judgment was accordingly rendered against the plaintiff to the effect that he take nothing by his action. That judgment provides in part:

"The defendants . . . having thereupon moved for judgment upon the pleadings . . . , *plaintiff having refused to proceed to trial* of the action, and the plaintiff having also moved for judgment upon the pleadings . . . , and said motions, respectively, having been duly presented and argued on June 2, 1942, *documentary evidence having been offered in support thereof* by the respective parties . . . the court

. . . orders that defendants' motion for judgment on the pleadings herein in favor of defendants and against plaintiff be granted, and plaintiff's motion be denied.

"It Is Therefore Ordered Adjudged and Decreed as follows:

"1. That judgment be entered herein in favor of defendants and against the plaintiff and that plaintiff take nothing by his complaint herein."

█ From that judgment the plaintiff has appealed on the theory that his former appeal taken on April 21, 1942, from the order staying execution for thirty days was a denial of his application for a temporary injunction pending the trial, and that the appeal ousted the trial court of jurisdiction to proceed with the trial on its merits.

There is no merit in this contention. While it has been determined that an appeal lies, under section 963 of the Code of Civil Procedure, from an order granting or refusing to grant a preliminary restraining order pending the determination of the cause on its merits (*Laam* v. *McLaren,* 28 Cal.App. 632 [153 P. 985]; 2 Cal.Jur. 179, sec. 37), that appeal does not deprive the court of jurisdiction to proceed to try the cause on its merits. █ The granting or denial of a temporary restraining order is discretionary with the trial judge (14 Cal.Jur. 180, sec. 7) and amounts to a mere preliminary or interlocutory order to keep the subject of litigation *in status quo* pending the determination of the action on its merits. (*People* v. *Black's Food Store,* 16 Cal.2d 59 [105 P.2d 361]; 14 Cal.Jur. 184, sec. 9.) Such an order does not divest the court of jurisdiction to proceed to try the cause on its merits. In the Black's Food Store case last cited it is said in that regard:

"A sound discretion was therefore conferred upon the trial court to grant or deny the preliminary injunctions. It does not appear that discretion was abused. The orders do not determine the merits of the controversies. They have the effect of merely maintaining the *status quo* until the cases are decided on their merits."

If an appeal from an interlocutory or preliminary order granting or denying a temporary injunction has the effect of depriving the trial court of jurisdiction to proceed to try the case on its merits until the appeal is disposed of, it would tend to disrupt calendars, unduly extend trials, encourage "piece-meal" determination of issues and defeat justice, con-

trary to the uniform policy of the law. (*Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357]; *Doudell* v. *Shoo,* 159 Cal. 448, 455 [114 P. 579]; 31 Cal.L.Rev. 90.)

 Regardless of the fact that the trial court did not determine that the former judgment is res judicata, the pleadings show conclusively there is no merit in this action. It is an undisputed fact that the plaintiff never had any interest in the property except that which he may have acquired by the filing of the homestead. The land was conveyed to Dora Stuart before her marriage, subject to the trust deed. She subsequently married the plaintiff and almost immediately thereafter filed the homestead, which was subject to the lien created by the trust deed. Mr. and Mrs. Bracey became the owners of the land by purchase from the State Mutual Building and Loan Association, the successful bidder for the land at the foreclosure sale. In the suit for possession, which the purchasers brought against Mr. and Mrs. Gray, John Gray procured a dismissal as to him by executing and delivering to the owners a quitclaim deed. Mr. Gray drew the pleadings and represented his wife in the prosecution of that case. He knew of the issues which were involved therein, and he made no claim of his homestead rights. We are of the opinion he is therefore estopped to now assert his homestead rights therein, under the circumstances of this case.

It has been determined that the homestead rights are subject to a prior valid trust deed given to secure an antecedent debt, as against the owner and all persons claiming through or under him, and that the foreclosure of a prior trust deed extinguishes the homestead rights. (*Bracey* v. *Gray, supra; Carpenter* v. *Smallpage,* 220 Cal. 129 [29 P.2d 841, 30 P.2d 995].) In the Bracey case, *supra,* this court said with respect to the very issues which are involved in this suit:

"The action was dismissed as to defendant John Gray on December 21, 1938, and in consideration thereof said defendant executed and delivered to respondents a quitclaim deed to the property involved. *This should have, and did end the litigation, so far as defendant was concerned. . . .*

"The position of appellants seems to be that the court had no jurisdiction to enter the judgment of May 1st. It is contended that, as there was a homestead declared upon the property, the husband was a necessary party, and that judgment should have also been ordered against him. The deed of trust was a valid lien upon the property when appellant

Dora Stuart Gray acquired the property as a single woman. The homestead declaration was filed after she was married. *A properly executed deed of trust is effective to convey the legal title to the trustee, so far as it is necessary to convey it to the purchaser at the trustee's sale, free of all right or estate of the trustor, or anyone claiming under or through her. The conveyance of the trustee relates back to the estate of the trustor at the time she executed the trust deed, and transfers to the purchaser the entire estate then vested in the trustor, thereby completely extinguishing the homestead which was filed subsequent to the deed of trust.* That is the precise situation here. (13 Cal.Jur. sec. 83, page 512.) Not only is any assertion of appellants' homestead right precluded by law, but appellant John Gray has no rights which he could assert, for the reason that he had, previous to trial, conveyed his interest in the property to respondents. The contention is without merit." (Italics added.)

To the same effect is the Carpenter case, *supra*. In that case it appeared that Charles A. Menne owned the real property in question. He married in October, 1925. In April, 1926, he filed a homestead on the property. The following month he deeded it to his wife. July 7, 1926, they executed a trust deed of the property to secure a debt due to Stockton Morris Plan Company. February 6, 1932, Menne and wife deeded the property to A. H. Carpenter. Prior to the last mentioned deed, the trust deed was regularly foreclosed and M. M. McFarland became the purchaser at the sale of the property. In a subsequent suit to quiet title the trial court determined that McFarland was the owner and entitled to possession and that plaintiff had no right, title or interest therein. The Supreme Court said:

"McFarland's title related back to the deed of trust executed by Menne and wife to secure the obligations of the Stockton Morris Plan Company which was recorded on July 9, 1926, over five years before appellant received his deed. Appellant, when he accepted delivery of his deed from Menne and wife, had constructive, and the evidence shows also actual notice of the trust deed. . . .

". . . *Plaintiff's title to the property was subject to the trust deed, and when this trust deed was foreclosed it extinguished whatever interest plaintiff acquired under his deed from Menne and wife.*" (Italics added.)

Applying the preceding language to the present case, the title of these defendants, Bracey and wife, "related back

to the deed of trust." They became the owners and entitled to possession of the property as purchasers thereof from the beneficiary, State Mutual Building and Loan Association, the purchaser of the property at the foreclosure sale. █ Further applying the language of the Carpenter case. "Plaintiff's title to the property was subject to the trust deed, and when this trust deed was foreclosed it extinguished whatever interest plaintiff acquired" either by a subsequent deed or by means of the alleged homestead declaration. █ Moreover, in the present case there is much more convincing reason why John Gray may not assert a homestead interest in this property. He had no real interest in the property. It was conveyed to Dora Stuart, subject to the trust deed, before she became his wife. He had actual notice of the existence of that mortgage, and the subsequent foreclosure proceedings. He was an original party defendant in the former suit of Bracey and wife for possession. He procured a dismissal of that action as to himself, by executing and delivering to the owners a quitclaim deed in which he specifically renounced any interest therein which he might have claimed. He prosecuted that action in behalf of his wife without asserting any interest therein. Certainly he may not now repudiate his own deed and assert a homestead interest under the circumstances of this case. There is no merit in plaintiff's contentions in that regard. The judgment (appeal number 6950) is therefore affirmed.

█ Finally, the plaintiff has appealed from the order of the court made January 14, 1943, after the rendition of judgment, denying his motion to recall and quash the execution previously levied, and to restore plaintiff to possession of the land. This is designated as appeal number 6980.

For the reasons heretofore stated, there is no merit in this third appeal. Whatever interest the plaintiff may have had in the property by virtue of the homestead which his wife filed within three months after their marriage, it was terminated by the foreclosure of the trust deed. Mrs. Gray took title to the real property subject to the trust deed and prior to her marriage. The homestead was also subject to the trust deed. John Gray relinquished whatever homestead interest he may have had by executing and delivering to the owners of the land his quitclaim deed. He had full knowledge of the entire transaction. The court therefore properly refused to quash the execution.

The order denying plaintiff's motion to quash the execution and to restore him to possession of the real property is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied October 21, 1943, and appellant's petition for a hearing by the Supreme Court was denied November 22, 1943.