[Civ. No. 7027. Third Dist. July 28, 1944.]

ARTHUR BRACEY et al., Respondents, v. JOHN GRAY et al., Appellants.

John Gray and Dora Stuart Gray, in pro. per., for Appellants.

Coyle E. Bybee for Respondents.

PEEK, J.—Prior to her marriage to defendant John Gray, the defendant Dora Stuart Gray purchased certain real property located near the city of Chico, which property was then subject to a note and deed of trust. Sometime after her marriage to John Gray a joint declaration of homestead was filed covering said real property. Default was made in payment of the obligation and the property was foreclosed. The plaintiffs herein subsequently acquired the property from the purchaser at the foreclosure sale. At the time of such acquisition by the plaintiffs the defendants still occupied the premises, and in order for plaintiffs to obtain possession thereof an action was filed against Gray and his wife. Subsequently John Gray executed and delivered a quitclaim deed to plaintiffs and the action was dismissed as against him. The cause was then tried and a judgment was rendered against Dora Stuart Gray alone. John Gray did not participate as a party in that trial. Thereafter, however, he and Dora Stuart Gray moved for a new trial and to vacate and set aside the judgment in addition to sundry other motions, all of which were

denied by the trial court. Upon appeal to this court the judgment and orders appealed from were affirmed (*Bracey v. Gray,* 49 Cal.App.2d 274 [121 P.2d 770]), and the said judgment has now become final.

Pursuant to that judgment a writ of execution was issued and delivered to the sheriff of Butte County for service upon the defendants for the purpose of placing Bracey and his wife in possession of the property. John Gray and his wife then filed in this court two separate proceedings, one of which was a petition for certiorari and the other a petition for a writ of supersedeas, to review the proceedings in the former case and to recall and quash the execution therein. Both petitions were denied.

In the later case of *Gray v. Bybee,* 60 Cal.App.2d 564, 574 [141 P.2d 32], this court, after summarizing the evidence, concluded that:

"Whatever interest the plaintiff [John Gray] may have had in the property by virtue of the homestead which his wife filed within three months after their marriage, it was terminated by the foreclosure of the trust deed. Mrs. Gray took title to the real property subject to the trust deed and prior to her marriage. The homestead was also subject to the trust deed. John Gray relinquished whatever homestead interest he may have had by executing and delivering to the owners of the land his quitclaim deed. He had full knowledge of the entire transaction. The court therefore properly refused to quash the execution."

After entry of the final judgment in the first case (*Bracey v. Gray, supra*), Bracey and his wife filed the present action for damages against the defendants John Gray and Dora Stuart Gray as principals and Uel L. Garner and Levi H. Maxwell as sureties upon the appeal bond filed by said defendants Grey and his wife. Said defendants by their answer to said complaint admitted the judgment previously rendered against them but alleged that such judgment was ineffectual and void because of what defendants allege therein to have been reversible error in the two previous cases. When the case was placed on the trial calendar for the purpose of setting a date for the hearing thereon, Gray and his wife moved the court for permission to file a cross-complaint, which motion was denied. It is from that order that defendants have appealed to this court.

An examination of the cross-complaint discloses that it is predicated solely upon defendants' alleged right of possession of the real property in question, which was the subject matter of the original actions, and which actions have been decided adversely to them. The judgments in both of said cases have now become final and are complete answers to defendants' allegations therein. Said cross-complaint is purely an attempt by said defendants again to try the issues previously decided against them in both of the former cases.

The sole purpose of the present action is for a money judgment against the persons signing the undertaking as principals and as sureties. The subject of the action is the undertaking on appeal and has nothing to do with nor is any issue made therein in regard to the title or possession of the real property which was in controversy in the previous cases.

However, defendants now insist, in support of their appeal herein, that said cross-complaint should have been allowed by virtue of the provisions of sections 442 and 389 of the Code of Civil Procedure in that the cross-complaint relates to the property previously in controversy and that a complete determination of the case cannot be had without the presence of the other parties named therein.

Section 442 of the Code of Civil Procedure provides in part, that:

"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. . . ."

Section 389, so far as is pertinent herein, provides that:

". . . when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings, or a cross-complaint to be filed. . . ."

The purpose of allowing a cross-complaint is to enable all matters in dispute between the parties relating to or depending upon the contract, transaction or subject matter upon which the action is brought or affecting the property to which

it relates, to be determined by a single action and by a single judgment. In other words, to avoid a multiplicity of suits and thereby save vexation and expense. (*Lowe* v. *Superior Court*, 165 Cal. 708 [134 P. 190].)

In the enactment of such section or of the procedure therein set forth it was not the intention to allow persons having independent claims against each other to settle them all in one action upon the sole ground that as they had been brought into court to contend against each other with respect to one case or dispute, they should at the same time and place settle all matters of controversy existing between them. (*Meyer* v. *Quiggle*, 140 Cal. 495 [74 P. 40]; *Clark* v. *Kelley*, 163 Cal. 207 [124 P. 846]; *United Casting Co.* v. *Duncan*, 44 Cal.App. 384 [186 P. 403].)

Under the provisions of such section the test is whether the matter alleged in the cross-complaint bears the necessary and proper relation to the matter constituting the cause of action. It is true that if such relation is present it is immaterial that the relief sought by the cross-complaint is independent of and different from that prayed for in the complaint. And the cross-complaint not only may tend to diminish or defeat the plaintiffs' recovery but may demand affirmative relief distinctive from that prayed for in the complaint. (*Metropolitan etc. Co.* v. *Margulis*, 38 Cal.App.2d 711 [102 P.2d 459].)

The proposed cross-complaint does not meet the requirement of section 442 of the Code of Civil Procedure, for as previously stated, the present cause of action is merely a request for a money judgment against the persons signing the undertaking on appeal. The purported claim of the defendants as set forth in said cross-complaint has no connection with the liability of either the principals or sureties therein.

In further support of their contention that the trial court was in error in denying their motion, defendants also rely upon section 389 of the Code of Civil Procedure. It has been stated in the case of *Alpers* v. *Bliss*, 145 Cal. 565, 570 [79 P. 171]:

"This section does not give the court power to bring into the action for determination a controversy between a defendant and strangers to the action which is irrelevant to the action between the parties already before it, except for the purpose of making its determination of the controversy between the parties already before it complete, and without

prejudice to the rights of others. A defendant cannot inject into the action a controversy between himself and an outsider, even though it affects the property to which the action relates, unless some party already before the court is interested in, or will be affected by, the determination of such controversy.''

Said cross-complaint contains no allegation as to what interest, if any, the proposed cross-defendants Bybee, Bainbridge or Taylor have, or claim to have, in the property, or why they or either of them are necessary parties to a determination of the liability of the principals and sureties on the undertaking on appeal. It therefore cannot be said that the additional parties endeavored to be brought into the action by the cross-complaint, were in any way interested in, or would be affected by, a determination of the present controversy.

We are entirely in accord with the trial court, when, in denying defendants' motion to file said cross-complaint, it said:

''A cross-complaint may be filed where the defendant seeks affirmative relief relating to or depending on the contract on which the action is brought or affecting the property to which the action relates. This action does not affect any property. All that is sought is a money judgment on an undertaking on appeal. The proposed cross-complaint purports to be an action based on a conspiracy on the part of the plaintiffs and others illegally to deprive by means of void process and to convert personal property to their own use by like method. Such a cause of action would not be a proper one to set up by way of cross-complaint in this action. The motion to file a cross-complaint will therefore be denied.''

In 1942, in the case of *Bracey* v. *Gray, supra,* this court concluded: ''The appeal is devoid of any substantial merit.'' Again in 1943, in the case of *Gray* v. *Bybee, supra,* this court stated: ''. . . there is no merit in this . . . appeal.'' Now, in 1944, a like conclusion is inescapable, that this appeal must likewise be dismissed as being devoid of merit.

The judgment and orders appealed from are affirmed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied August 28, 1944, and respondents' petition for a hearing by the Supreme Court was denied September 25, 1944.