[Sac. No. 5835. In Bank. Feb. 3, 1948.]

JOHN GRAY et al., Appellants, v. ARTHUR BRACEY et al., Respondents.

John Gray and Dora Stuart Gray, in pro. per., for Appellants.

Coyle E. Bybee for Respondents.

EDMONDS, J.—By their appeal from a judgment which followed an order sustaining, without leave to amend, the

demurrer to their complaint, John Gray and his wife present for decision the question of the sufficiency of their pleading to state a cause of action.

The complaint consists of a lengthy recital of alleged acts of the defendants and certain public officials which are said to have been done as a result of conspiracies between these persons wrongfully to take the plaintiffs' property by means of legal proceedings. More specifically, the appellants charge that all of the judgments which have been obtained against them in the protracted litigation which had its genesis in a foreclosure action, were rendered in violation of law. Because of these conspiracies, it is alleged, the Grays have lost the real property which was the subject of the foreclosure action and certain movable cabins and tent platforms which were then on the land.

The Grays declare in their pleading "that the cause of action hereinafter stated is grounded solely on the violation by the State of California" of certain federal rights which are enumerated as those "guaranteed to them by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and Laws of Congress made pursuant thereto, especially sections 1977 and 1978 of the revised statutes of the United States." They ask for the immediate possession of the real property, and for compensatory and exemplary damages.

Before her marriage to Gray, Mrs. Gray owned an interest in certain real property which was subject to a deed of trust. After their marriage, the Grays, by joint declaration, filed a homestead against the property. Later they defaulted on the note, foreclosure proceedings were had and Mr. and Mrs. Bracey purchased the property at the foreclosure sale.

The next suit was brought by the Braceys to secure possession of the property from the Grays. The action was dismissed against Gray after he quitclaimed his interest to the Braceys, and they secured judgment against Mrs. Gray. The judgment was affirmed. (*Bracey* v. *Gray,* 49 Cal.App.2d 274 [121 P.2d 770].) When a writ of execution was issued to place the Braceys in possession of the property, the Grays filed a petition for certiorari and another for a writ of supersedeas and to quash execution. Both of these petitions were denied by the District Court of Appeal.

Gray then brought an action for injunctive relief to restrain the levying of the execution. Upon appeal, all questions were decided adversely to the Grays (60 Cal.App.2d 564 [141 P.2d 32]) and a petition for hearing in this court was denied.

Subsequently, the Braceys filed an action for damages against the Grays, as principals, and others, as sureties, upon the appeal bond filed by the Grays in the first action. The answer of the Grays admitted the judgment previously rendered against them, but alleged that it is void and ineffective because of claimed reversible error in the two previous cases. The Grays also moved the court for permission to file a cross-complaint and took an appeal from the order denying their motion. The order was affirmed upon the ground that the two prior actions were res judicata of the matters sought to be litigated in the proposed cross-complaint, and, in addition, the cross-complaint embraced a cause of action not contemplated by the provisions of section 442 of the Code of Civil Procedure, which sets forth the grounds upon which a cross-complaint may be filed (65 Cal.App.2d 282 [150 P.2d 564]).

An action brought by the Grays in the Federal District Court was dismissed. (*Gray* v. *Bybee,* No. 5030/5353 U. S. District Court, Sac.) Upon appeal to the Circuit Court of Appeals, the order dismissing the action was affirmed (S. F. No. 5051) and certiorari was denied in the United States Supreme Court (No. 18 Misc.).

The opening brief of the Grays upon the present appeal purports to raise 20 points as grounds for reversal of the judgment. The gist of them is that, by the previous decisions, the Grays have been denied due process and equal protection of the laws. It is contended that the District Court of Appeal in each of the three previous appeals misstated the facts in the opinions so that appellants "were deprived of a hearing before the State Supreme Court."

All of the points now made have been presented in the trials of the previous actions or upon the appeals from the judgments. Upon the first appeal, it was held that the Braceys "established the fact that they were the legal owners of the property, and entitled to the possession thereof." (*Bracey* v. *Gray,* 49 Cal.App.2d 274, 278 [121 P.2d 770].) It is this holding that the Grays have attacked in subsequent

litigation and are attacking here. That judgment has been final for many years and the present complaint states no grounds for setting it aside at this time.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.