[No. B151210. Second Dist., Div. Four. Sept. 20, 2001.]

MORTON C. REED et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CASE FINANCIAL, INC., Real Party in Interest.

**COUNSEL**

Law Offices of Kramer Kaslow Rubenstein and Steven M. Rubenstein for Petitioners.

No appearance for Respondent.

Sheppard, Mullin, Richter & Hampton, Andre J. Cronthall, Barry Sullivan, Mary E. Gram; Benedon & Serlin, Gerald M. Serlin and Douglas G. Benedon for Real Party in Interest.

**OPINION**

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

 We hold an appeal from a pretrial order denying a motion to disqualify opposing counsel for a conflict of interest does *not, automatically,* stay all trial proceedings pursuant to Code of Civil Procedure section 916, subdivision (a),[1] which provides, in pertinent part, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby." An order denying disqualification of counsel is appealable as an order on a collateral matter or an order denying an injunction, but such an appeal does not lead to an automatic stay of the trial. If, pending an appeal of an order denying disqualification of counsel, the unsuccessful moving party desires a stay or a continuance of the trial proceedings on the merits, which the trial court in its discretion denies, the party must seek a writ of supersedeas or other discretionary stay from the appellate court. In the present case we grant a peremptory writ of mandate compelling the trial court to vacate its order that erroneously stayed all trial proceedings pursuant to section 916, subdivision (a).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and real party in interest Case Financial, Inc. (Plaintiff) sued defendants and petitioners Morton C. Reed, Elliot Kalt, Litfunding Corp., and Innocent Child Films, Inc. (Defendants) alleging five causes of action involving misappropriation of trade secrets and unfair competition. The complaint alleged that Plaintiff is one of the largest companies providing

---

[1] All further statutory references are to the Code of Civil Procedure.

presettlement case financing for plaintiffs and plaintiffs' law firms. Plaintiff alleged that Reed and Kalt, former employees of Plaintiff, were wrongfully competing by using confidential information and trade secrets and soliciting Plaintiff's employees and customers. Plaintiff alleged this conduct violated Reed's and Kalt's prior employment agreements with Plaintiff, and Reed's settlement agreement terminating his employment with Plaintiff.

Attorney Steven M. Rubenstein of the Law Offices of Kramer Kaslow Rubenstein filed an answer on behalf of Defendants, generally denying the allegations of the complaint, and a cross-complaint on behalf of Reed only, alleging that Plaintiff's conduct including the filing of the complaint violated Reed's employment and settlement agreements.

Plaintiff moved to disqualify Steven M. Rubenstein and the Law Offices of Kramer Kaslow Rubenstein from representing Defendants. The merits of the claim of disqualification are not before us in this proceeding, nor does the record contain all the documents relevant thereto. We can only briefly summarize to provide the background facts. Plaintiff contended Rubenstein had previously represented Plaintiff on other matters and obtained confidential information relating to Plaintiff's business, and in addition Rubenstein had previously offered "assistance" to both Reed and Plaintiff to resolve their dispute about Reed's employment, leading to execution of the written settlement agreement terminating Reed's employment with Plaintiff. Plaintiff contended Rubenstein thus had either a present or a prior attorney-client relationship with Plaintiff that should bar Rubenstein and his law firm from representing Reed and Defendants in this case. Rubenstein contended that he always represented Reed, never Plaintiff, in connection with the settlement agreement terminating Reed's employment, and that he only discussed potential representation of Plaintiff on unrelated matters, causing no conflict with his representation of Reed and Defendants in this case.

On May 8, 2001, the trial court by minute order denied Plaintiff's motion to disqualify Defendants' counsel. Defendants' notice of ruling states the trial court found, "there was no attorney-client relationship, actually or impliedly, between Steven M. Rubenstein and/or Kramer Kaslow Rubenstein, on the one hand, and Plaintiff, on the other hand."

On May 17, 2001, Plaintiff filed a notice of appeal from the May 8 order denying the motion to disqualify counsel. That appeal is currently pending in *Case Financial, Inc. v. Reed*, No. B150385; the record in that appeal was recently filed.

On the same date as filing its notice of appeal, Plaintiff filed a "notice of stay of proceedings pending appeal." This notice asserted that the filing of

the notice of appeal "stays all proceedings in the trial court" pursuant to section 916, subdivision (a).

Thereafter, Defendants filed a motion in the trial court to compel Plaintiff to respond to form interrogatories, special interrogatories, and demands for production of documents. Defendants' memorandum contended Plaintiff was wrong in asserting that all further proceedings were automatically stayed by Plaintiff's appeal from the order denying Plaintiff's motion to disqualify Defendants' counsel.

Plaintiff filed opposition to Defendants' motion to compel discovery. Plaintiff contended the trial court had no jurisdiction to compel discovery, because all further trial proceedings were automatically stayed by Plaintiff's appeal from the denial of Plaintiff's motion to disqualify Defendants' counsel.

On May 24, 2001, the trial court held a hearing on Defendants' motion to compel discovery. The court's minute order states, "Matter is called for hearing. [¶] Court after reading and considering all moving party and opposing party papers, and arguments of counsel, makes the following ruling: [¶] Court takes matter under submission, and later after further review of the documents filed, the Court denies the . . . application [for order compelling discovery]. Case is to be stayed until the appeal of the Court's ruling re: disqualif[i]cation is pending."

Defendants timely petitioned this court for a writ of mandate directing the trial court to vacate its May 24 order and proceed with pretrial proceedings.

We issued an order to show cause, in order to consider an important question of law, whether an appeal from the denial of a motion to disqualify opposing counsel automatically stays all further proceedings in the trial court.

## DISCUSSION

*Meehan v. Hopps* (1955) 45 Cal.2d 213 [288 P.2d 267] held that an order denying a pretrial motion to disqualify opposing counsel is appealable. The Supreme Court stated two grounds for this holding: (1) Such an order is a final order on a collateral matter. "The matter of disqualification of counsel is unquestionably collateral to the merits of the case. . . . Because the trial court's order denying Hopps' motion left nothing further of a judicial nature for a final determination of his rights regarding opposing counsel, the order was final for purposes of appeal." (*Id.* at pp. 216-217.) (2) Such an order is,

in effect, an order refusing to grant an injunction to restrain counsel from participating in the case. (*Id.* at p. 215; former § 963, subd. 2, now § 904.1, subd. (a)(6) [appeal may be taken "[f]rom an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction"].)

Section 916, subdivision (a) provides, in pertinent part, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from *or upon the matters embraced therein or affected thereby."* (Italics added.) The question presented here is whether an appeal from an order denying a pretrial motion to disqualify counsel *automatically* stays all proceedings in the trial court, such as discovery and the trial, pursuant to section 916, subdivision (a). No California case squarely or explicitly addresses this issue.

Applying *Meehan*'s reasoning that an appeal from an order regarding disqualification of counsel is "unquestionably collateral to the merits of the case," we conclude the appeal does not automatically stay the trial proceedings relating to the merits.[2] ■ Generally, an appeal of a "collateral" order or judgment "does not suspend trial court proceedings on the remaining components of the litigation . . . although, in an appropriate case, the appellate court can order such proceedings stayed by writ of supersedeas." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2000) ¶ 7:36, p. 7-10 (rev. # 1, 1999), italics omitted; see *id.,* ¶ 7:12 et seq., p. 7-5 et seq.; *id.,* ¶ 7:272.1, p. 7-52.) ■ Accepting the premise that the appeal only involves a collateral matter, then by definition the trial is not "embraced [in] or affected [by]" the order appealed from, within the meaning of section 916, subdivision (a).

Applying *Meehan*'s alternative holding that an order denying disqualification of counsel is an order denying an injunction, we likewise conclude the appeal does not automatically stay the trial proceedings.[3] Generally, the appeal of an order denying a preliminary injunction does not automatically

---

[2]*Meehan*'s *conclusion* that this renders the order appealable has been criticized as inconsistent with the rule that an order on a collateral matter is appealable only if the order directs the payment of money or the performance of an act. (See *Truck Ins. Exchange v. Fireman's Fund Ins. Co.* (1992) 6 Cal.App.4th 1050, 1052-1053, fn. 1 [8 Cal.Rptr.2d 228]; *Ponce-Bran v. Trustees of Cal. State University* (1996) 48 Cal.App.4th 1656, 1661 & fn. 3 [56 Cal.Rptr.2d 358].) Here we follow *Meehan*'s *premise* that an appeal from an order denying disqualification of counsel involves a collateral matter.

[3]The trial court *denied* the disqualification motion and thus *denied* an injunction to restrain counsel from participating in the case. The rule that an appeal automatically stays the enforcement of a *granted* mandatory injunction but not the enforcement of a *granted* prohibitory injunction (see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 276, pp.

stay the trial. (*Gray v. Bybee* (1943) 60 Cal.App.2d 564, 571 [141 P.2d 32]; *MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623 [9 Cal.Rptr.2d 237].) The rationale is that a preliminary injunction is a provisional remedy "distinct from the main action." (6 Witkin, Cal. Procedure, *supra,* Provisional Remedies, § 399, p. 324.) This is consistent with *Meehan's* description that an appeal from an order denying disqualification involves a "collateral" matter.

Plaintiff contends the trial must be stayed to protect the "effectiveness" of the appeal. We note that in *Meehan* the Supreme Court commented, "[I]f Hopps must wait for a determination on appeal from the judgments of his right to exclude the attorneys from disclosing information they had formerly obtained, the damage to him which he now properly seeks to avoid would have been done." (*Meehan v. Hopps, supra,* 45 Cal.2d 213, 218.) Plaintiff cites *In re Marriage of Varner* (1998) 68 Cal.App.4th 932 [80 Cal.Rptr.2d 628], where the court held that pending an appeal from an order refusing to vacate the community property division, the trial court could not terminate its jurisdiction over spousal support. The court said that a matter is embraced in or affected by an appeal within the meaning of section 916, subdivision (a) if the postorder trial proceedings " 'would have any impact on the "effectiveness" of the appeal.' " (68 Cal.App.4th at p. 936.) The court reasoned that "[t]he reversal of a judgment dividing community property and the reallocation of those assets upon remand constitute changed circumstances which may justify a modification of spousal support obligations. . . . If the trial court has, during the pendency of the appeal, ordered the termination of its jurisdiction over spousal support, then any modification of that support upon remand is impossible, and the effect of the appellate decision is diminished." (*Id.* at p. 937, citations omitted.) Plaintiff argues by analogy that here, if Defendants' counsel conducts discovery and a trial pending a determination on the appeal whether counsel should have been disqualified, counsel's "participation in this action will *ineluctably . . .* render [Plaintiff's] appeal *futile* [and] undermine the jurisdiction of this Court." (Italics added.)

These arguments blur two distinct issues: whether the trial *must* be stayed, *automatically,* under section 916, subdivision (a), to prevent *futility* of the appeal, or whether the trial *should* be stayed, *in the discretion of the trial or appellate court,* to maintain the status quo pending the appeal. Although *Meehan* holds an order denying disqualification *is appealable, Meehan* did not discuss whether the trial is automatically stayed by such an appeal.

319-320), to which both parties refer, does not help to decide this case. The issue here is whether an appeal from a *denied* injunction automatically stays *the trial.*

*Varner* is distinguishable, because it hypothesized a situation where granting relief would be impossible, and because *Varner* did not involve disqualification of counsel. In the absence of a controlling case squarely in point, we conclude the question whether discovery or trial should be stayed pending an appeal from an unsuccessful motion to disqualify counsel rests in the discretion of the trial and appellate courts.

■ If the trial court denies a motion to disqualify counsel, the unsuccessful moving party can seek immediate appellate review, either by petitioning the reviewing court for a writ of mandamus, asserting that the remedy by appeal is not adequate (*Chambers v. Superior Court* (1981) 121 Cal.App.3d 893 [175 Cal.Rptr. 575]) or by filing a notice of appeal from the order denying disqualification. (*Meehan v. Hopps, supra,* 45 Cal.2d 213.) If the moving party desires that the trial be stayed pending appeal, the party may first ask the trial court in its discretion to continue or stay the underlying proceedings until the appeal is decided. (See *MaJor v. Miraverde Homeowners Assn., supra,* 7 Cal.App.4th 618, 623.)[4]

If the trial court denies a request to stay the underlying proceedings, the moving party may request the appellate court to stay them. The party could request the stay by a petition for a writ of supersedeas ancillary to an appeal from the order denying disqualification. (*Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra,* 6 Cal.App.4th 1050, 1055, fn. 4; § 923.) Or the party could request the stay from the appellate court ancillary to a petition for extraordinary relief on the merits. (*Dill v. Superior Court* (1984) 158 Cal.App.3d 301, 304; *Cho v. Superior Court* (1995) 39 Cal.App.4th 113, 118.) A petition for extraordinary relief on the merits accompanied by a request for an immediate stay is preferable, because generally extraordinary writs are determined more speedily than appeals. The specter of disqualification of counsel should not be allowed to hover over the proceedings for an extended period of time for an appeal.

Whichever method is used for seeking appellate relief, a reasonably persuasive showing that the claim of disqualification likely has merit will probably persuade the appellate court to stay the underlying proceedings pending resolution of the disqualification issue. (See *People v. Hull* (1991) 1 Cal.4th 266, 275.) Courts of Appeal understand that prejudice occurs if the trial is not stayed pending an appeal of an arguably meritorious claim of disqualification. (*Meehan v. Hopps, supra,* 45 Cal.2d at p. 218.)

---

[4]Such exercise of trial court discretion did not occur in this case. The trial court's ruling, which was based on the moving and opposing papers and arguments, agreed with Plaintiff's contention that the proceedings are *automatically* stayed pursuant to section 916, subdivision (a).

In some cases, however, the claim of disqualification will be insubstantial or even frivolous. To hold that an appeal from an order denying disqualification automatically stays the trial proceedings would encourage the use of such motions and appeals merely to delay the trial. *Gregori v. Bank of America* (1989) 207 Cal.App.3d 291, 300-301 [254 Cal.Rptr. 853], states, "[A]s courts are increasingly aware, motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent. . . . Such motions can be misused to harass opposing counsel . . . , to delay the litigation . . . , or to intimidate an adversary into accepting settlement on terms that would not otherwise be acceptable. . . . In short, it is widely understood by judges that 'attorneys now commonly use disqualification motions for purely strategic purposes.' " (Citations & fns. omitted; accord, *Comden v. Superior Court* (1978) 20 Cal.3d 906, 915 [145 Cal.Rptr. 9, 576 P.2d 971, 5 A.L.R.4th 562] ["It would be naïve not to recognize that the motion to disqualify opposing counsel is frequently a tactical device to delay litigation"].) Appellate courts have the flexible capacity to grant or deny a request to stay the trial by writ of supersedeas, depending upon the strength of the preliminary showing of the alleged conflict of interest. If the showing on the petition for a writ of supersedeas is unpersuasive, the trial can proceed because the moving party is not likely to prevail on the appeal of the disqualification issue.

Error is possible of course; the reviewing court might deny a writ of supersedeas, believing the claim of conflict of interest lacks merit, only to discover later in deciding the appeal that counsel should have been disqualified. The benefit of preventing such rare mistakes by automatically staying all trials pursuant to section 916, subdivision (a), pending an appeal from an order denying disqualification of opposing counsel, is outweighed by the danger of encouraging pretrial disqualification motions and appeals as trial strategy to simply delay the trial of meritorious cases.

In the federal court system, orders denying disqualification of opposing counsel are not appealable before trial; they are reviewed only after the final judgment, unless exceptional circumstances persuade the reviewing court to allow an interlocutory appeal or to intervene by a writ of mandamus. (*Firestone Tire & Rubber Co. v. Risjord* (1981) 449 U.S. 368, 377-379 & fn. 13 [101 S.Ct. 669, 675-676, 66 L.Ed.2d 571].) The United States Supreme Court rejected the argument that conducting the trial causes an "irreparable" injury so that the disqualification issue *must* be resolved before trial. (*Ibid.*) It said, "[S]hould the Court of Appeals conclude after the trial has ended that permitting continuing representation was prejudicial error, it would retain its usual authority to vacate the judgment appealed from and order a new trial.

That remedy seems plainly adequate should petitioner's concerns of possible injury ultimately prove well founded." (*Id.* at p. 378 [101 S.Ct. at p. 675].) "[P]etitioner has made no colorable claim that the harm it might suffer if forced to await the final outcome of the litigation before appealing the denial of its disqualification motion is any greater than the harm suffered by any litigant forced to wait until the termination of the trial before challenging interlocutory orders it considers erroneous." (*Id.* at p. 379, fn. 13 [101 S.Ct. at pp. 675-676].) The lower federal courts whose views were ultimately upheld in *Firestone* were persuaded in part by the belief that motions to disqualify counsel are often abused as a tactic to delay trial. (*In re Multi-Piece Rim Products Liability* (8th Cir. 1980) 612 F.2d 377, 378 [" 'A rule allowing interlocutory appeals here would provide litigants with yet another device by which to delay final determination on the merits, and would lead the court to divert its attention from the central issues in the case. [¶] . . . [¶] . . . [A]n order denying a motion to disqualify does not, in most cases, implicate any claim of right that will be irreparably lost on appeal from final judgment. In the exceptional case, where irreparable harm would indeed result, the movant may petition this court for a writ of mandamus . . . . *This approach will afford the court the flexibility necessary to prevent serious injustice'* " (italics added)], affd. on this point and revd. on other grounds *sub nom. Firestone Tire & Rubber Co. v. Risjord, supra,* 449 U.S. 368, 379 [101 S.Ct. 669, 676]; *In re Continental Inv. Corp.* (1st Cir. 1980) 637 F.2d 1, 5 ["Following a period in which it was 'generally agreed' that such orders were immediately appealable . . . several circuits, apparently faced with a 'deluge' of such appeals, . . . have reconsidered their earlier positions. *Pointing to the frequent use of such appeals as tools for harassment and delay,* these courts have overruled prior decisions and held denial orders non-appealable" (italics added)]; *Gregori v. Bank of America, supra,* 207 Cal.App.3d 291, 300, fn. 4 [federal practice "seems in part the result of a judicial perception 'that the availability of an immediate appeal has seemingly contributed to the proliferation of disqualification motions and the use of such motions for purely tactical reasons, such as delaying the trial' "].)

The federal practice as to *appealability* is not the California rule under *Meehan*, but the reasoning of the federal cases shows why the trial should not *automatically* be stayed under section 916, subdivision (a) by the pretrial appeal that *Meehan* permits.

## DISPOSITION

The order to show cause, having served its purpose, is discharged. Let a peremptory writ issue commanding respondent court to vacate its order of May 24, 2001, staying all proceedings. This court's temporary stay order of

July 20, 2001, which stayed the trial court's stay, thereby permitting pretrial proceedings to continue, shall remain in effect until the remittitur issues. The parties shall bear their own costs.

Hastings, J., and Curry, J., concurred.

On October 17, 2001, the opinion was modified to read as printed above.