Filed 1/6/14  Frazee v. Niles CA2/2

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| WILLIAM FRAZEE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WILLIAM EDWARD NILES et al.,<br><br>    Defendants and Respondents. | B242395<br><br>(Los Angeles County<br>Super. Ct. No. BC471520) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert L. Hess, Judge.  Affirmed.

SJS Counsel, Samuel J. Smith; Krane & Smith, Samuel Krane; Law Offices of Louis Benowitz, Louis Max Benowitz for Plaintiff and Appellant.

Kendall Brill & Klieger, Bert H. Deixler, Laura W. Brill, Randall L. Jackson for Defendants and Respondents.

_____

William Frazee made two motions to disqualify defense counsel, Bert Deixler. Both motions were denied. Frazee did not appeal the denial of his first motion, which became final and binding. Frazee is barred by res judicata from litigating the same issue. We affirm the trial court's order rejecting Frazee's second attempt to disqualify defense counsel.

## FACTS

In 2006, appellant Frazee was sued by a coworker named Zuzenak at Ascent Media Group (AMG) for sexual harassment and discrimination (the Zuzenak lawsuit). Frazee and AMG were jointly represented by the law firm of Proskauer Rose (Proskauer) in the Zuzenak lawsuit. Proskauer partner Anthony Oncidi, a labor lawyer, was primarily responsible for the Zuzenak lawsuit, which was settled in 2008.

In 2010, Frazee was accused of defamation by an AMG coworker named Hall (the Hall dispute). Proskauer represented AMG in the Hall dispute, which was settled in September 2010. Frazee left AMG in October 2010. Soon afterward, AMG sought to recoup $500,000 in legal fees and settlement costs from Frazee.

In January 2011, Frazee sued Proskauer for legal malpractice, breach of fiduciary duty and misrepresentation (the Proskauer lawsuit). Frazee alleges that Proskauer failed to disclose conflicts of interest in its joint representation of Frazee and AMG, such as the possibility that Frazee could be liable for settlements (and attorney fees) incurred in the Zuzenak and Hall matters. Attorney Bert Deixler of Kendall Brill & Klieger (KBK) represented respondents Niles and Shepherd in the Proskauer lawsuit.[1]

Frazee's attorney Samuel Smith asked Deixler to do a conflict check, because Deixler worked at Proskauer at the same time that Proskauer represented Frazee. Deixler informed Smith that there was no conflict in his representation of Niles and Shepherd. When Smith threatened to make a motion for disqualification, Deixler replied that he had nothing to do with the Zuzenak lawsuit or the Hall dispute.

---

[1] Niles and Shepherd are in-house counsel at AMG.

On August 17, 2011, Frazee filed his first motion to disqualify KBK and Deixler. He argued that as the former managing partner of Proskauer, Deixler had an ethical obligation to supervise the work of "subordinates" like Oncidi. Frazee reasoned that Deixler's supervisory power presumably gave him access to Frazee's confidential information.

Respondents opposed Frazee's effort to disqualify Deixler, maintaining that Frazee failed to show any likelihood that Deixler had obtained Frazee's confidential information. In support of respondents, Proskauer partner Oncidi declared that he supervises the labor and employment group. Neither Oncidi nor his group members were supervised by Deixler on any matters they handled, including the Zuzenak lawsuit. Deixler was the managing partner of Proskauer from 2005 to 2009, a position that required him to handle administrative responsibilities but not other attorneys' legal matters. Oncidi declared that Deixler "had absolutely no involvement with (and as far as I know he had no knowledge of) the joint representation of [AMG] and Frazee in the Zuzenak arbitration or the handling of that matter. We never discussed the matter nor did I consult with or report to him about any aspect of that matter." The same was true of Oncidi's representation of AMG in the Hall dispute.

Another partner at Proskauer, Lary Alan Rappaport, declared that the firm's managing partner plays an administrative role, communicates with the public, meets with the firm's executive committee, and deals with budgetary and human resource issues. The managing partner does not supervise client matters being handled by other attorneys in the office, and does not oversee partners. Rappaport noted that Frazee waived any confidences with Proskauer by filing an action for legal malpractice.

Attorney Deixler declared that he has never had any communication with Frazee, and knows nothing about Proskauer's joint representation of Frazee and AMG in the Zuzenak lawsuit. Deixler worked in Proskauer's litigation department and had nothing to do with the labor and employment group that handled Frazee's representation. Deixler denies having any confidential information about Frazee. His position as managing partner was administrative—to act as leader of the office, handle recruiting, staffing and

3

finance issues, and act as a liaison with the executive committee of Proskauer's 750-lawyer international firm. He did not supervise the 75 attorneys in the Los Angeles office. Deixler left Proskauer in January 2011 to join KBK.

On September 22, 2011, the trial court denied Frazee's first motion to disqualify Deixler. The court found no evidence suggesting that Deixler obtained confidential information about Frazee. Deixler's status as managing partner of Proskauer was not dispositive, absent evidence that managing a firm of some 75 lawyers "necessarily includes knowledge of confidential information as to all those cases that the firm handles in which he would not otherwise be personally involved." Further, Frazee waived his right to confidentiality and loyalty by suing Proskauer for legal malpractice. The trial court stated that the motion was "not well taken" and appeared to be "an attempt to disrupt the defense rather than a meritorious motion." Frazee did not appeal the denial of his motion to disqualify Deixler from participating in the Proskauer lawsuit.

In October 2011, Frazee instituted a lawsuit against Niles, Shepherd and AMG (among others) asserting 22 causes of action, including fraud, legal malpractice, and breach of contract (the Niles lawsuit). Deixler and KBK represent the defendants in the Niles lawsuit. The Proskauer and Niles lawsuits are related cases, assigned to the same trial judge.

In March 2012, Frazee filed a second motion to disqualify Deixler and KBK, this time in the Niles lawsuit. While the trial court received an unredacted version of Frazee's motion, respondents did not. The motion asserted that Deixler's position as managing partner at Proskauer presumably gave him access to Frazee's confidential information.

In opposition, respondents renewed their argument that Deixler did not obtain any confidential information about Frazee. Deixler's status as Proskauer's managing partner did not make him privy to all client matters. Respondents also argued that Frazee is collaterally estopped from relitigating the issue of Deixler's disqualification.

On May 24, 2012, the trial court denied Frazee's second motion to disqualify Deixler on three grounds. First, the motion "is not a proper renewal of the prior motion to disqualify." The court expressly found "that there is no new evidence pertinent to Mr.

4

Deixler's disqualification that was not or could not have been presented at the first motion for disqualification." Second, Frazee "has used the assertion of confidentiality to systematically preclude Mr. Deixler from access to the documents which plaintiff claims show the basis for disqualification." Third, "[o]n the merits, there is an utter lack of evidence of involvement on the part of Mr. Deixler in any matters in the prior suit, and no evidence he obtained confidential information relating to Mr. Frazee." The trial court noted that despite a one and one-half-hour argument, no facts were elicited "suggesting that there is any basis for the motion other than vicarious disqualification." The court rejected Frazee's vicarious disqualification theory.

The trial court imposed sanctions of $31,200 against Frazee's counsel. After noting that Frazee "did not seek appellate review" of its ruling on the first motion for disqualification, the court found that (1) "it was objectively unreasonable to believe that the second motion contained new or different facts"; (2) both motions relied on Frazee's theory of vicarious disqualification, and the second motion "was simply a refusal to accept the Court's ruling on the first motion"; (3) respondents were denied access to evidence, prejudicing their ability to defend; (4) Frazee's counsel waited until the day before the hearing to file opposition to the sanctions motion and served it on respondents the evening before the hearing; and (5) Frazee's counsel caused unnecessary delay in the proceedings by filing his "objectively unreasonable" second motion to disqualify.

### DISCUSSION

### 1. Appeal and Review

The denial of a pretrial motion to disqualify opposing counsel is "a final order on a collateral matter." (*Reed v. Superior Court* (2001) 92 Cal.App.4th 448, 452 (*Reed*). Accord: *Brand v. 20th Century Ins. Co./21st Century Ins. Co.* (2004) 124 Cal.App.4th 594, 601; *Derivi Construction & Architecture, Inc. v. Wong* (2004) 118 Cal.App.4th 1268, 1272; *Roush v. Seagate Technology, LLC* (2007) 150 Cal.App.4th 210, 218.) The Supreme Court in *Meehan v. Hopps* (1955) 45 Cal.2d 213 (*Meehan*) explained that the denial of an attorney disqualification motion is appealable because (1) it is an injunctive

5

order and (2) it is a final order collateral to the main action. *Meehan* confers appellate jurisdiction to review the trial court's order.[2]

The trial court's ruling on a motion for disqualification is generally reviewed for an abuse of discretion. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143 (*SpeeDee*).) "If the trial court resolved disputed factual issues, the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence." (*Ibid.*) By contrast, "where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law." (*Id.* at p. 1144.)

## 2. **Disqualification Principles**

The trial court has authority to disqualify an attorney when necessary to exercise appropriate control over the proceedings. The court considers a client's right to chosen counsel, the attorney's interest in representing the client, the financial burden on a client to replace counsel, "and the possibility that tactical abuse underlies the disqualification motion." (*SpeeDee*, *supra*, 20 Cal.3d at p. 1145.) The right to be represented by an attorney of one's choice is so significant that it ought not to be abrogated in the absence of some indication that the integrity of the judicial process will somehow be injured. (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1711.)

"Where an attorney successively represents clients with adverse interests, and where the subjects of the two representations are substantially related, the need to protect the first client's confidential information requires that the attorney be disqualified from the second representation." (*SpeeDee*, *supra*, 20 Cal.4th at p. 1146.) On the other hand, an attorney who switches firms and did *not* personally represent a client at his former firm is not automatically disqualified "where there is no reasonable probability the firm-

---

[2]      *Meehan* controls. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we will not follow this Court's contrary opinion in *Haldane v. Haldane* (1963) 216 Cal.App.2d 12, 13-14. (See *Brand v. 20th Century Ins. Co./21st Century Ins. Co.*, *supra*, 124 Cal.App.4th at p. 601, and *Machado v. Superior Court* (2007) 148 Cal.App.4th 875, 883 (*Machado*).)

6

switching attorney had access to confidential information while at his or her former firm that is related to the current representation." (*Adams v. Aerojet-General Corp.* (2001) 86 Cal.App.4th 1324, 1328, 1340.)

The courts are increasingly aware that "motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent. . . . Such motions can be misused to harass opposing counsel . . . to delay the litigation . . . or to intimidate an adversary into accepting settlement on terms that would not otherwise be acceptable," and they impose heavy burdens on the courts. (*Gregori v. Bank of America* (1989) 207 Cal.App.3d 291, 300-301; *Reed*, *supra*, 92 Cal.App.4th at p. 456.) Indeed, federal courts do not allow appeals from orders denying disqualification until after a final judgment, to prevent parties from using the motion as a tactic to delay trial or harass an opponent. (*Reed*, at pp. 456-457.)[3]

### 3. Collateral Estoppel

The trial court found that Frazee presented "no new evidence . . . that was not or could not have been presented at the first motion for disqualification."[4] Respondents argued below and on appeal that Frazee's motion to disqualify in the Niles lawsuit is an attempt to relitigate a matter decided against him in the Proskauer lawsuit. As a result, they contend, he is estopped from bringing another disqualification motion.

Collateral estoppel is an aspect of the doctrine of res judicata. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 828.) It precludes a party from relitigating in a second proceeding "*issues* [ ] decided against him, even when those issues bear on

---

[3] In California, by contrast, the denial of a disqualification motion *cannot* be raised on appeal from the final judgment because it "would allow two appeals raising the same question." (*Machado*, *supra*, 148 Cal.App.4th at pp. 884.)

[4] Frazee's counsel told the trial court that the second disqualification attempt fell under Code of Civil Procedure section 1008, subdivision (b), which permits a party to "renew" an application for an order that was previously refused by showing new or different facts, circumstances or law. Frazee's motion to disqualify Deixler in the Niles lawsuit is not technically a motion to "renew" his application in the Proskauer lawsuit: these are separate cases, though assigned to one judge.

7

different claims raised in a later case." (*Ibid.*) "The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceeding terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding." (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1201, fn. 1.) "For purposes of collateral estoppel, an issue was actually litigated in a prior proceeding if it was properly raised, submitted for determination, and determined in that proceeding." (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511.)

Frazee concedes that the third element of collateral estoppel is met: he is a party to both proceedings. His challenge to the remaining elements is unavailing.

(a) <u>Finality</u>

Frazee asserts that the second element of collateral estoppel—termination of the prior proceeding with a final ruling—was not met. He reasons that his first attempt to disqualify Deixler "did not concern a collateral issue, thus precluding the order denying disqualification from forming the basis of a final judgment on a collateral matter for purposes of the collateral order doctrine." Supreme Court case law squarely contradicts his argument.

An order denying a motion to disqualify counsel "is unquestionably collateral to the merits of the case." (*Meehan*, *supra*, 45 Cal.2d at pp. 216-217.) Though attorney disqualification bears no relation to the main issue of the case, it is a final order that leaves no issue for further consideration except for compliance or noncompliance with the order. (*Id.* at p. 217.) In other words, the denial of Frazee's motion "left nothing further of a judicial nature for a final determination of his rights regarding opposing counsel." (*Ibid.*; *Reed*, *supra*, 92 Cal.App.4th at pp. 452-453.) The trial court's ruling on Frazee's first motion to disqualify counsel was a final determination on the collateral issue of his rights regarding Deixler as opposing counsel. Frazee elected not to challenge

8

that determination by way of appeal or a writ petition.[5]  Hence, it is final and binding for purposes of collateral estoppel.  (*Machado*, *supra*, 148 Cal.App.4th at p. 886.)

(b)  Identity of Issues

An order relating to attorney disqualification has "collateral estoppel effect in [a] subsequent action involving the same issue."  (*A.I. Credit Corp, Inc. v. Aguilar & Sebastinelli* (2003) 113 Cal.App.4th 1072, 1078; *Reich v. Club Universe* (1981) 125 Cal.App.3d 965, 969-970.)  The *Machado* case is instructive.  Machado's attorney, Freidberg, was formerly the business partner and attorney for a man named Atherton, who was litigating against Machado.  Freidberg was disqualified in 2005, when Atherton sued Machado over the breach of a realty contract.  (*Machado*, *supra*, 148 Cal.App.4th at pp. 877-878.)  Later that same year, Machado brought a second lawsuit accusing a new defendant of conspiring with Atherton.  Atherton once again moved—successfully—to disqualify Freidberg from representing Machado in the second lawsuit.  (*Id.* at pp. 879-880.)  Machado pursued a writ petition challenging the disqualification of Freidberg.  The court found that (1) the first order disqualifying Freidberg was a final order for purposes of collateral estoppel and (2) the issue of whether Freidberg could represent Machado against Atherton was actually litigated in the first lawsuit and was decided against Machado; therefore, Machado was precluded from relitigating the same issue in a second lawsuit.  (*Id.* at pp. 882-887.)

The reasoning in *Machado* applies here.  The issue in Frazee's first motion was whether Deixler was disqualified from representing respondents Niles and Shepard in the Proskauer lawsuit.  The issue in Frazee's second motion was whether Deixler was disqualified from representing respondents in the Niles lawsuit.  The basis for both motions was that Deixler had an ethical obligation to supervise the work of other lawyers

---

[5]     An order denying disqualification may be challenged by writ petition because "the specter of disqualification of counsel should not be allowed to hover over the proceedings for [the] extended period of time for an appeal."  (*Reed*, *supra*, 92 Cal.App.4th at p. 455; *State Water Resources Control Bd. v. Superior Court* (2002) 97 Cal.App.4th 907, 913-914; *Banning Ranch Conservancy v. Superior Court* (2011) 193 Cal.App.4th 903, 919.)

9

at the Proskauer firm, as a former managing partner. In both instances, Deixler opposed Frazee's motion on the grounds that he had no involvement in the Zuzenak lawsuit or the Hall dispute. The trial court found, in ruling on the first motion, that Deixler's status as firm administrator was not dispositive, and there was no evidence that he knew anything about cases being handled by Proskauer's labor department. Frazee's second motion to disqualify—made in a related case—was once again based on Deixler's status as the former managing partner of the Proskauer firm. The trial court expressly found that no new evidence pertinent to Deixler's disqualification was presented in Frazee's second motion.

## CONCLUSION

In the words of the trial court, Frazee's second motion to disqualify "was simply a refusal to accept the Court's ruling on the first motion." Frazee did not appeal the denial of his first motion, allowing it to become final and binding. He cannot waste judicial resources nor the resources of his opponents by bringing successive motions to disqualify respondents' attorney. The doctrine of res judicata prevents the renewal of a litigated issue in subsequent proceedings. In light of our determination, we need not reach the other issues raised in the briefs.

## DISPOSITION

The judgment (order denying disqualification) is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.                    FERNS, J.*

_____

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10