Filed 6/25/15  Consolidated Irrigation Dist. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CONSOLIDATED IRRIGATION DISTRICT, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF FRESNO COUNTY, <br><br> Respondent; <br><br> CITY OF REEDLEY, <br><br> Real Party in Interest. | F070584 <br><br> (Super. Ct. No. 14CECG00877) <br><br><br> **OPINION** |

-ooOoo-

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Dennis A. Peterson, Judge.

Law Offices of P. Scott Browne, P. Scott Browne and Marsha A. Burch for Petitioner.

No appearance for Respondent.

Aleshire & Wynder, John W. Fox and Shannon L. Chaffin for Real Party in Interest.

-ooOoo-

Consolidated Irrigation District (District) filed an extraordinary writ petition seeking appellate review of Superior Court of Fresno County's order, which denied relief to enforce District's right to inspect or receive a copy of any public record or class of public records under the California Public Records Act (CPRA) (Gov. Code,[1] § 6250 et seq.), inter alia. We grant the petition.

## BACKGROUND

District and the City of Reedley (City), the real party in interest, are presently engaged in proceedings brought under the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.). Specifically, District "challenges the City's February 25, 2014 approval of the Reedley General Plan 2030 Update and proposed Sphere of Influence Update[/]Amendment … [(]'Project[')] and … certification of an environmental impact report ('EIR') for the Project."

On March 27, 2014, District petitioned the superior court for a writ of mandate pursuant to CEQA and a writ of mandate, injunctive relief, and declarative relief pursuant to CPRA. In the section titled "**BACKGROUND FACTS**," District alleged, inter alia:

> "18. On January 28, 2014, [District] submitted a [CPRA] Request to the City requesting public records that made up the record of proceeding for the Project so it could prepare informed comments on the [final ]EIR and Project. [¶] … [¶]

> "27. On or about February 24, 2014, the City provided its response to [District]'s [CPRA] request. The City advised that it had excluded records that it considered privileged or exempt under the Deliberative Process exemption to [CPRA]. The City failed to provide a list of the documents withheld or omitted but a review of the documents provided, particularly the internal correspondence, demonstrates a paucity of the usual extensive email communications regarding a project that took nearly 5 years to complete. This is indicative that the City has improperly withheld large numbers of internal communications regarding the development of the EIR. The City has also failed to provide public records specifically requested,

---

[1] Unless indicated otherwise, subsequent statutory citations refer to the Government Code.

such as the contract between the City and its environmental consultant. Such documents are critical to a determination whether the City proceeded in the manner required by law and fully disclosed in the EIR all information on impacts that it received during the preparation process."

In the section titled "**FOURTH CAUSE OF ACTION**," District contended:

"87. … City has violated its mandatory duty under [CPRA] in failing to provide all of the public records requested and improperly claiming privilege and exemptions for many of the documents requested.

"88. The documents are needed to prepare the Record of Proceeding in this case and the failure to provide them prevents [District] from completing the preparation of the Record of Proceeding."

In June 6, 2014, responses to District's special interrogatories, City stated that it did not provide (1) some of the files in the possession of its consultant, EMC Planning Group, Inc. (EMC), because they were "beyond the scope" of CPRA; and (2) approximately 300 e-mails between its staff, legal counsel, and consultants on the grounds of attorney-client privilege, attorney work product doctrine, and deliberative process privilege.

On July 25, 2014, District filed a motion for injunctive relief to enforce CPRA, which alleged:

"[District] requested the consultant files relating to the 2030 General Plan Update in its original request under [CPRA]. The City failed to provide them. Those files are part of the CEQA record and the City is obligated to provide them under well-established caselaw. [District] therefore is seeking for the Court to order the City to provide those files to [District] or make them available for inspection at City offices. [District] is also seeking to have the Court order the preparation of a document by document privilege log so that [District] and the Court can review it and a determination can be [made] after an *in camera* inspection, of what documents or portions of documents should be disclosed as authorized by … [s]ection 6259. Finally, [District] is seeking certain specific documents referenced in emails that do not appear to be in the record."

District also identified the 300 withheld e-mails in the accompanying memorandum of points and authorities.

On October 27, 2014, the superior court issued the following tentative ruling:

"The verified [March 27, 2014,] petition does not show what 'certain public records are being improperly withheld from a member of the public.' (Gov. Code, § 6259.)  Here, the petition only states that … City … has violated its mandatory duty under [CPRA] in failing to provide all of the public records requested and improperly claiming privilege and exemptions for many of the documents requested….  [¶] … [¶]

"In camera proceedings by the court to determine the applicability of enumerated privileges are available only in certain situations.  (Gov. Code, § 6259.)  Without knowing what the public records are that are being sought from the face of the petition, or the reasons they are being withheld by the public agency, the Court cannot determine if one of the enumerated privileges applies and if an in camera proceeding is warranted."

Following an October 31, 2014, hearing,[2] the court adopted its tentative ruling via minute order.

On December 10, 2014, District filed an extraordinary writ petition and a request for an immediate stay.  We stayed further proceedings in the superior court on December 24, 2014, and issued an order to show cause on December 29, 2014.

## DISCUSSION[3]

### I.  Overview of CPRA.

CPRA "was enacted for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies." (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 425; see § 6250 ["[T]he Legislature, mindful of the right of individuals to privacy, finds and declares that access to

---

**2**     At the hearing, City offered District a disc containing EMC's files, but still asserted attorney-client privilege with respect to the e-mails.

**3**     Since it appears that City disclosed EMC's files (see *ante*, fn. 2), we focus on the withheld e-mails.

We are only required to state the grounds upon which our decision is based.  We need not address every argument raised by the parties. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1264.)

4.

information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state."].) "Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records …." (§ 6258.)

"Whenever it is made to appear by verified petition to the superior court of the county where the records or some part thereof are situated that certain public records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the public record or show cause why he or she should not do so. The court shall decide the case after examining the record in camera, if permitted by subdivision (b) of [s]ection 915 of the Evidence Code,[4] papers filed by the parties and any oral argument and additional evidence as the court may allow." (§ 6259, subd. (a).) "If the court finds that the public official's decision to refuse disclosure is not justified under [s]ection[s] 6254[5] or 6255,[6] he or she shall order

---

**4** "When a court is ruling on a claim of privilege under [Evidence Code section 1040 et seq.] (official information and identity of informer) or under [Evidence Code section 1060] (trade secret) or under subdivision (b) of [Code of Civil Procedure section 2018.030] (attorney work product) and is unable to do so without requiring disclosure of the information claimed to be privileged, the court may require the person from whom disclosure is sought or the person authorized to claim the privilege, or both, to disclose the information in chambers out of the presence and hearing of all persons except the person authorized to claim the privilege and any other persons as the person authorized to claim the privilege is willing to have present. If the judge determines that the information is privileged, neither the judge nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers." (Evid. Code, § 915, subd. (b).)

**5** "[T]his chapter does not require the disclosure of … [¶] … [¶] … [r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." (§ 6254, subd. (k).)

**6** "The agency shall justify withholding any record by demonstrating that the record in question is exempt under express provisions of this chapter or that on the facts of the

5.

the public official to make the record public.  If the judge determines that the public official was justified in refusing to make the record public, he or she shall return the item to the public official without disclosing its content with an order supporting the decision refusing disclosure."  (*Id*., subd. (b).)

Section 6259, subdivision (c), specifies that an extraordinary writ petition is the sole avenue of appellate review:  "[A]n order of the court, either directing disclosure by a public official or supporting the decision of the public official refusing disclosure, is not a final judgment or order … from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ."  "The purpose of … limiting appellate review of the trial court's order to a petition for extraordinary writ is to prohibit public agencies from delaying the disclosure of public records by appealing a trial court decision and using continuances in order to frustrate the intent of [CPRA]."  (*Filarsky v. Superior Court*, *supra*, 28 Cal.4th at pp. 426-427.)

## II.    Appellate review by way of extraordinary writ petition is appropriate in the instant case.

An appellate court will grant an extraordinary writ petition if the petitioner (1) does not have another adequate remedy at law; and (2) will suffer irreparable injury if the writ is not issued.  (*Los Angeles Gay & Lesbian Center v. Superior Court* (2011) 194 Cal.App.4th 288, 299-300.)  Both prerequisites are satisfied in this case.

Section 6259, subdivision (c), "unambiguously forecloses an appeal and instead expressly authorizes a writ as the sole and exclusive means to challenge the trial court's ruling."  (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 264.)  "Although appellate review by extraordinary writ petition is said to be discretionary" (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 113), "[t]he discretionary aspect of writ review comes into play primarily when the petitioner has

particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record."  (§ 6255, subd. (a).)

another remedy by appeal" (*ibid.*). "When an extraordinary writ proceeding is the only avenue of appellate review, a reviewing court's discretion is quite restricted." (*Ibid.*) The Supreme Court explained:

> "'"[I]ssuance [of an extraordinary writ] is not necessarily a matter of right, but lies rather in the discretion of the court, but where one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, he [or she] is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would be an abuse of discretion to refuse it.'" [Citations.]" (*Id.* at p. 114.)

In the absence of writ review, District would "suffer harm or prejudice in a manner that cannot be corrected on appeal" (*Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1274) since it cannot otherwise contest the superior court's erroneous finding that the March 27, 2014, petition lacked sufficient detail (see at pp. 8-10, *post*).

That the ruling affects the contents of the administrative record in the underlying CEQA action (see Pub. Resources Code, § 21167.6; see also *Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 574-576 [CEQA litigants may not rely on or cite to evidence outside of the administrative record except in rare instances]) also militates in favor of writ review. "The Legislature has provided for expedited review of CEQA cases" (*County of Orange v. Superior Court* (2003) 113 Cal.App.4th 1, 12), as shown by "the time limits for compilation of the administrative record in subdivision (b) and (c) of [Public Resources Code] section 21167.6" (*id.*, at p. 12), inter alia. As a result, "'"'the remedy by appeal is rendered inadequate in the [CEQA] context ....'"'" (*Ibid.*) (See 2 Kostka & Zischke, Practice Under the Cal. Environmental Quality Act (Cont.Ed.Bar 2d ed. 2015) § 23.73, p. 23-88 ["[Extraordinary writ] petition may be the only available remedy when a challenger claims the trial court improperly excluded confidential documents from the record on the basis of an asserted privilege."].) In addition, the Third Appellate District concluded in a recent decision that a CEQA party who appeals from a ruling wrongly excluding purportedly privileged e-mails from the

7.

administrative record must *first* seek and obtain writ review of said ruling; otherwise, the party cannot demonstrate prejudicial error on appeal. (*Citizens for Open Government v. City of Lodi* (2012) 205 Cal.App.4th 296, 305-310.)

## III. District pleaded sufficient facts in its March 27, 2014, petition.

### a. *Standard of review.*

"[W]e shall conduct an independent review of the trial court's ruling [under CPRA]." (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1336; accord, *Consolidated Irrigation Dist. v. Superior Court* (2012) 205 Cal.App.4th 697, 708-709.)

### b. *Analysis.*

Section 6259, subdivision (a), calls for a "verified petition" detailing that "certain public records are being improperly withheld from a member of the public …." A petition is "generally subject to the general rules of pleading applicable to civil actions." (*Chapman v. Superior Court* (2005) 130 Cal.App.4th 261, 271; see Code Civ. Proc., § 1109.) Traditionally, a pleading needed to set forth ultimate facts, not evidentiary facts or legal conclusions. (See *Green v. Palmer* (1860) 15 Cal. 411, 414-415; see also *Rhode v. Bartholomew* (1949) 94 Cal.App.2d 272, 279 ["Ultimate facts are the logical conclusions deduced from certain primary facts evidentiary in character."].) However, "the distinction between ultimate facts, conclusions of law, and evidentiary matter is one of degree only, and the decisions often appear to be haphazard and inconsistent." (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 378, p. 514.)

Nowadays, under the modern "fair-notice test" (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 608), a pleading "is required only to set forth the essential facts of [a] case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of [the] cause of action" (*Youngman v. Nevada Irrigation Dist.* (1969) 70 Cal.2d 240, 245; see Code Civ. Proc., § 452 ["In the construction of a pleading, for the purpose of determining its effect, its

8.

allegations must be liberally construed, with a view to substantial justice between the parties."]).  "Less particularity is required when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense."  (*Okun v. Superior Court* (1981) 29 Cal.3d 442, 458; accord, *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 549-550; see *Burks v. Poppy Construction Co.* (1962) 57 Cal.2d 463, 474 ["[T]he particularity of pleading required depends upon the extent to which the defendant in fairness needs detailed information that can be conveniently provided by the plaintiff …."].)

Here, the superior court ruled that the March 27, 2014, petition "only states that … City … has violated its mandatory duty under [CPRA] in failing to provide all of the public records requested and improperly claiming privilege and exemptions for many of the documents requested…."  However, paragraph 27 of the petition's "**BACKGROUND FACTS**" (see Code Civ. Proc., § 425.10, subd. (a)(1)) specified that (1) "the City provided its response to [District]'s [CPRA] request"; (2) "[t]he City advised that it had excluded records that it considered privileged or exempt under the Deliberative Process exemption to [CPRA]"; (3) "[t]he City failed to provide a list of the documents withheld or omitted"; and (4) "a review of the documents provided, particularly the internal correspondence, demonstrates a paucity of the usual extensive email communications," suggesting that "the City has improperly withheld large numbers of internal communications regarding the development of the EIR."  Two months later, City conceded in special interrogatory responses that it did not disclose roughly 300 e-mails, citing attorney-client privilege, attorney work product doctrine, and deliberative process privilege.  The court should not have required District to be clairvoyant and describe City's withheld e-mails with even greater precision, given that City (1) possessed superior knowledge of its own e-mails (2) mounted a defense in recognition of the nature, source, and extent of District's cause of action under CPRA; and (3) as the party claiming several privileges, had "the burden of establishing the preliminary facts

9.

necessary to support [their] exercise" (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733).

## DISPOSITION

Let an extraordinary writ issue directing the superior court to resolve the substantive issue of whether City's withheld e-mails are privileged and/or exempt from California Public Records Act disclosure. The stay of further proceedings in the superior court is vacated upon finality of this opinion. (*State Water Resources Control Bd. v. Superior Court* (2002) 97 Cal.App.4th 907, 919.) Costs are awarded to petitioner. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

_____

DETJEN, Acting P.J.

WE CONCUR:


_____

FRANSON, J.


_____

PEÑA, J.

10.